**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| FORTRESS IRON L.P., | ) |
|     Plaintiff, | ) |
| | ) |
|       v. | )   CASE NO.: 3:25-CV-00099-DRL-SJF |
| | ) |
| DIGGER SPECIALTIES, INC., | ) |
|     Defendant. | ) |

**OPINION and ORDER**

Before the Court is Defendant/Counterclaimant Digger Specialties, Inc.'s Motion to Strike Fortress Iron, L.P.'s Answer to Digger Specialties' Counterclaims. For the reasons explained below, the motion will be granted in part and denied in part.

## I.      Relevant Background

Fortress Iron, L.P. ("Fortress") sued Digger Specialties, Inc. ("Digger") in the above captioned case on January 31, 2025, alleging that Digger infringed two patents that Fortress holds for metal railing products used in construction. [DE 1]. Digger filed its answer and counterclaim against Fortress on April 1, 2025. In its counterclaim, Digger seeks a declaratory judgment that Fortress's patents are invalid. [DE 16]. Fortress answered Digger's counterclaim on August 7, 2025. [DE 28].

Digger now moves to strike Fortress's answers to various paragraphs of its counterclaim, contending that numerous paragraphs either improperly employ qualified denials, admit or deny matter that was not alleged in the counterclaim, improperly reframe allegations and provide incomplete responses, or are otherwise impermissibly

argumentative. In the alternative, Digger asks that the Court order Fortress to amend its answer to Digger's counterclaim to address the responses at issue.

Fortress responded in opposition to Digger's motion on September 19, 2025. The motion became ripe on September 25, 2025, when Digger filed its reply in support of striking the alleged problematic paragraphs in Fortress's answer.

## II.    Legal Standards

An answer to a pleading must either admit the allegations, deny the allegations, or plead insufficient knowledge or information. *See* Fed. R. Civ. P. 8(b)("In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it; and . . . admit or deny the allegations asserted against it by an opposing party.") A party's "denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).

When an answer fails to comply with Rule 8's requirements, a Court may strike it. *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, No. 1:14-CV-00006-RLM, 2015 WL 5730662, at *4 (N.D. Ind. Sept. 30, 2015). Likewise, under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." But motions to strike are generally disfavored "as they consume scarce judicial resources and may be used for dilatory purposes." *Oswalt v. Rekeweg*, No. 117CV00278TLSSLC, 2017 WL 5151205, at *1 (N.D. Ind. Nov. 7, 2017) (internal citation omitted). Still, a motion to strike removing "unnecessary clutter" is considered to expedite a matter and should be granted. *See id.*

Although this case is based on a claim of patent infringement, the Seventh Circuit's Rule 12(f) standards still govern the instant motion. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009) (explaining that "procedural matter[s]" are "governed by the law of the regional circuit"); *see also Norix Grp., Inc. v. Corr. Techs., Inc.*, No. 20 C 1158, 2021 WL 5050281, at *1 (N.D. Ill. Nov. 1, 2021).

### III.    Discussion

Digger contends that many of Fortress's responses to Digger's counterclaim are deficient under Fed. R. Civ. P. 8(b) or should otherwise be stricken under Fed. R. Civ. P. 12(f). Digger contends that many of Fortress's responses in its answer are deficient because Fortress either

> (a) respond[s] improperly to legal conclusions without addressing their factual predicates; (b) den[ies] or admit[s] matter that has not been alleged, often after nominally stating that Fortress "denies all allegations" of a given paragraph; (c) provid[es] incomplete admissions or denials that do not respond to every allegation of a given paragraph, or mischaracterizations and restatements of the allegations instead of direct answers; and (d) improperly assert[s] argumentative denials, including invoking privilege and relevance objections to responding at all.

[DE 31 at 1-2, ¶2]. In response, Fortress contends that it fully complied with its pleading obligations under Fed. R. Civ. P. 8(b) and that Digger has fair notice of the issues in controversy. Digger also directly disputes the four deficiencies alleged by Fortress in its motion. The Court now addresses each in turn.

### A.    Qualified Denials for Legal Conclusions

Digger first contends that Fortress insufficiently responded to allegations that Fortress believed were legal conclusions. Digger accordingly seeks an order striking

nineteen paragraphs in Fortress's answer for this reason. [DE 32 at 3-7]. At issue are

paragraphs 135, 154, 158, 161, 163, 165, 167, 183, 186, 188, 193, 195, 198, 213, 216, 218, 222,

223, and 225. [*Id.* at 3]. Digger explains that Fortress appeared to determine that the

corresponding paragraph of Digger's counterclaim alleged a legal conclusion, and

Fortress thus responded with an impermissible qualified denial. As an example, the

Court recounts paragraph 161 of Digger's counterclaim and Fortress's answer to

paragraph 161 below:

> 161. Title 35 U.S.C. § 115 requires that each inventor execute an oath or
> declaration in connection with a 'claimed invention in an application for
> patent.'
>
> **ANSWER:** The allegations of paragraph 161 include incorrect conclusions
> of law to which no response is required. To the extent a response is
> required, Fortress denies the allegations of paragraph 161.

[*Id.* ¶ 161.] Digger contends that this type of response fails to admit, deny, or allege lack

of knowledge as required by Fed. R. Civ. P. 8. In response, Fortress contends that it

properly responded to Digger's allegations that "simply state propositions of law" and

that its responses should not be stricken. [DE 35 at 10].

Fortress's response appears to hinge on the view that legal conclusions cannot be

pled, but the Seventh Circuit has found that claimants may plead legal conclusions.

*Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). Consequently, courts in this

circuit generally find that allegations containing legal conclusions must be admitted,

denied, or responded to with an allegation of insufficient information, just as if they

were factual allegations. *See, e.g., Donnelly v. Frank Shirey Cadillac, Inc., No. 05 C 3520,*

*2005 WL 2445902, at \*2, \*3 (N.D. Ill. Sep. 29, 2005).* Thus, courts in this circuit have

likewise found that failing to respond to an allegation on the ground that it states a legal conclusion is "unacceptable." *Id.* at *1; *see also Webb v. Medicredit, Inc.*, No. 16 C 11125, 2017 WL 74854, at *2 (N.D. Ill. Jan. 9, 2017)(explaining that a response contending that "no response is required" to perceived legal conclusions is "dead wrong"); *Do It Best Corp. v. Heinen Hardware, LLC*, No. 1:13–CV–69, 2013 WL 3421924, at *5; *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278-79 (N.D. Ill. 2001); *Gracedale Sports and Ent., Inc. v. Ticket Inlet, LLC*, No. 99 C 2781, 1999 WL 618991, at *2 (N.D. Ill. Aug. 9, 1999).

Nor can parties save such responses by providing an answer "to the extent" a response is required. *See, e.g.*, *Valley Forge Ins. Co.*, 2017 WL 1101096, at *2; *Tr. of Auto. Mechs. Loc. No. 701 Pension and Welfare Funds v. Union Bank of Cal.*, No. 08 C 7217, 2009 WL 4668580, at *1 (N.D. Ill. Dec. 2, 2009). Such responses are, as Digger alleges, considered "impermissible qualified denial[s]." *Valley Forge Ins. Co.*, 2017 WL 1101096, at *3. Qualified denials leave both the parties and the Court unclear as to whether a statement has been denied or simply was not responded to. *Id.* at *3. Accordingly, qualified denials may only survive scrutiny when it is clearly ascertainable what has been admitted and denied under Rule 8. *Keller v. Enhanced Recovery Co., LLC*, No. 4:18-cv-15, 2018 WL 5650036, at *2 (N.D. Ind. Oct. 31, 2018). But most of the time, "there is a real question about whether Defendants' denials were impermissibly based on the belief that the allegations called for a legal conclusion," *Do It Best*, 2013 WL 3421924, at *5. Accordingly, an answer based on a qualified denial generally cannot stand.

In its response to Digger's motion, Fortress contends that the pleadings cannot change the law from what it is and thus it was not improper for it to respond by stating

that an allegation was a proposition of law and including a qualified denial on that basis. In support, Fortress directs the Court to two out of circuit cases: *Thompson v. DeWine*, 976 F.3d 610, 616 n.5 (6th Cir. 2020) and *Poyneer v. N.Y. State United Tchrs.*, 5:22-CV-0261, 2023 WL 236499, at *1 (N.D.N.Y. Jan. 18, 2023). Given the extent of authority presented by Digger, however, the Court declines Fortress's invitation to follow cases from other circuits. *See, e.g., Exergen Corp.*, 575 F.3d at 1318 (explaining that "procedural matter[s]" in a patent infringement case are "governed by the law of the regional circuit").

The Court now turns to the nineteen paragraphs at issue: 135, 154, 158, 161, 163, 165, 167, 183, 186, 188, 193, 195, 198, 213, 216, 218, 222, 223, and 225. Based on the above analysis, all but two are impermissibly deficient. First, some simply state the impermissible formula that no response is required because of the alleged use of a legal conclusion, followed by an impermissible qualified denial. [DE 28 at ¶¶ 154, 158, 161, 163 198, 216, 218, 222, 223). Others include certain factual material along with the recitation of this impermissible formula. [DE 28 at ¶¶ 165, 183, 213]. Finally, others do so while remaining unclear as to what has been admitted and what has been denied. [DE 28 at ¶¶ 135, 167, 193, 195, 225]. Thus, these responses must all be stricken.

That leaves two remaining paragraphs—¶¶186 and 188. These two paragraphs are sufficient despite their use of a qualified denial. Despite this qualified denial, these responses specify what Fortress believes to be true and not to be true about Digger's allegations:

186. As part of a scheme to deceive the USPTO, Messrs. May and Burt filed a Substitute Statement and amended Application Data Sheet to identify an inventor, Mr. Huang, who had never executed an inventor oath or declaration in the application for the 838 Patent.

**ANSWER:** Fortress admits that Mr. May, on behalf of Fortress, filed a substitute statement and amended application data sheet to identify Mr. Huang as an inventor in the application for the 838 Patent and that Mr. Burt, as an authorized representative of Fortress, signed the substitute statement. Fortress denies that the filing of the substitute statement was part of a scheme to deceive the USPTO. Fortress admits that Mr. Huang has not signed an inventor oath and declaration and denies that such signature is required. Further, to the extent paragraph 186 suggests that an inventor oath and declaration is required from Mr. Huang, it states a conclusion of law, as to which no response is required. To the extent a response is required, it is denied.

. . .

188. Indeed, Messrs. May and Burt knew there were no documents filed at the USPTO that were executed by Mr. Huang as the assignor granting his ownership interest and rights in the application for the 838 Patent to Fortress as the assignee.

**ANSWER:** Fortress admits that Messrs. May and Burt knew there were no documents filed at the USPTO that were executed by Mr. Huang as the assignor. Fortress denies that such documents were required. Further, to the extent paragraph 188 suggests that an assignment from Mr. Huang directly to Fortress is required, it states an incorrect conclusion of law, as to which no response is required. To the extent a response is required, it is denied.

[DE 28 at 56-67]. In these two paragraphs, there is no risk of confusion as to what allegations were admitted or denied. Accordingly, the Court declines to strike these allegations despite their inclusion of an otherwise impermissible qualified denial. *See Keller*, 2018 WL 5650036, at *2.

In sum, Fortress's responses in paragraphs 135, 154, 158, 161, 163, 165, 167, 183, 193, 195, 198, 213, 216, 218, 222, 223, 225 do not meet Rule 8(b)'s requirements and cannot

stand as written. Still, striking these responses is a harsh sanction at this stage of the case. *See, e.g.*, *Am. Econ. Ins. Co. v. Jones*, No. 3:23-CV-2602-RJD, 2024 WL 51243, at *2 (S.D. Ill. Jan. 4, 2024)(declining to strike answer given "the harsh consequences of having all factual allegations contained in the Complaint . . . deemed admitted" and allowing an amended answer instead). Accordingly, Digger's motion will be granted as to its alternative request. Fortress will thus be ordered to file an amended response to these paragraphs.

### B.      Admitting or Denying Matter Not Explicitly Alleged

Digger next moves to strike another thirty responses in Fortress's answer, contending that Fortress improperly inserts other factual matter into its responses. As an example, Digger highlights Fortress's answer to paragraph 53 of Digger's counterclaim:

> 53. According to Mr. Burt, a person named, Shih-Te "Alfonso" Lin ("Mr. Lin") provided a solution to the failed prototype's inability to hold proper tension in the cables without bending the rails. Ex. 8 at 7; Ex. 9 at 32:19-23.

> **ANSWER**: Fortress admits that, according to Mr. Burt, a person named, Shih-Te "Alfonso" Lin ("Mr. Lin") suggested a solution to the prototype's inability to hold proper tension in the cables without bending the rails. Fortress denies that the prototype was a failed prototype. Fortress denies that Mr. Lin had a solution that was implemented without change. Discussions between Mr. Lin and Mr. Burt resulted in modifications of Mr. Lin's suggestion into the final form.

[DE 28 at 17]. Digger also specifically contests this practice in instances where Fortress adds additional information after first denying all allegations of a paragraph in their entirety. To illustrate, Digger highlights Fortress's response to Digger's paragraph 44 as an example:

> 44. The failed prototype was based on a design provided by Mr. Burt. Ex. 8 at 6.
>
> **ANSWER:** Fortress denies the allegations of paragraph 44. Fortress admits that Mr. Burt designed the first prototype of a vertical cable rail system based on the original idea of Matt Sherstad, and that design was modified before introducing it to the market. Fortress denies that the first design was a failed prototype.

[DE 28 at 14]. In total, Digger alleges that the following paragraphs should be stricken to due to Fortress's admission or denial of factual material that Digger did not allege in its counterclaim: paragraphs 32, 33, 43, 44, 45, 46, 47, 50, 52, 53, 54, 58, 60, 64, 68, 69, 70, 72, 75, 96, 134, 136, 146, 156, 170, 178, 196, 216, 218, and 226. Digger contends that these responses include "textbook" immaterial and impertinent responses that warrant striking under Rule 12(f). [DE 32 at 5]. In response, Fortress does not directly dispute that it included extraneous or additional information in its Answers. Instead, Fortress contends that it responded in this "detailed" manner because Digger made ambiguous allegations. Fortress also contends Digger is not prejudiced by its inclusion of the additional information "beyond the scope of the particular allegations." [DE 35 at 14].

"The Court should not strike language from pleadings unless it has no possible relation to the controversy and is clearly prejudicial." *Franklin v. City of Chi.*, No. 1:18-CV-06281, 2020 WL 374669, at *2 (N.D. Ill. Jan. 23, 2020). Indeed, "mere . . . immateriality is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial to the [adverse party]." *Harman v. Gist*, No. 02 C 6112, 2003 WL 22053591, at *3 (N.D. Ill. Sept. 2, 2003). "Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and

complex that it places an undue burden on the responding party." *Am. Econ. Ins. Co.,* 2024 WL 51243, at *2 (citing *Cumis Ins. Soc., Inc. v. Peters,* 983 F. Supp. 787, 798 (N.D. Ill. 1997)).

On this point, Digger contends that the inclusion of this additional factual material is prejudicial because answers to pleadings are considered judicial admissions, which are "conclusive." *See Aaron MacGregor & Assocs., LLC v. Zhejiang Jinfei Kaida Wheels Co.,* 328 F. Supp. 3d 906, 927 (N.D. Ind. 2018)(quoting *Keller v. United States,* 58 F.3d 1194, 1199 (7th Cir. 1995)). Thus, Digger explains that admissions in an answer "are not evidence at all but rather have the effect of withdrawing a fact from contention." *Keller,* 58 F.3d at 1199. Digger thus contends that Fortress's "non-responsive and self-serving responses" should be stricken. [DE 32 at 17]. On reply, Digger clarifies that "the prejudice to Digger does not arise from whether Digger is bound by Fortress's admissions, but from the confusion and lack of clarity such responses create regarding what is actually disputed." [DE 28 at 5].

The Court considers the second issue—illustrated through Digger's response to paragraph 44—first. There, Digger alleges that Fortress admits or denies additional, unalleged factual material even after it denies all allegations of a paragraph in its entirety. But Fed. R. Civ. P. 8(b) provides that

> (2) *Denials — Responding to the Substance.* A denial must fairly respond to the substance of the allegation.
> (3) *General and Specific Denials. . . .* A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.
> (4) *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

In the subject responses, Fortress both denies of all allegations made by Digger in that paragraph but follows that broad denial with an admission or denial of unalleged allegations. This practice renders these responses equivocal under the denial requirements of Rule 8(b). Such equivocal responses confuse what allegations in the counterclaim were fairly denied and thus remain at issue. *See Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006). This confusion results in prejudice, and all paragraphs containing both a general denial of allegations along with admissions or denials to additional, unalleged allegations must be amended. The Court accordingly grants' Digger's motion as to paragraphs 44, 45, 46, 47, 50, 54, 58, 60, 64, 69, 67, 68, 69, 72, 96, 134, 170, 178, 196, 226. As striking is a harsh sanction at this stage of the case, Fortress will be ordered to amend its answers to these paragraphs. *See, e.g., Am. Econ. Ins. Co.,* 2024 WL 51243, at *2.

In other paragraphs—53, 32, 33, 43, 52, 70, 75, 136, 146, 156, 216, and 218—Digger alleges that Fortress responded with admissions and denials to allegations not put forth by Digger in its counterclaim. But Digger does not directly explain how Fortress's extraneous admissions or denials impact the conclusiveness of admissions to material that was alleged in the counterclaim. Unlike the responses where Fortress generally denies all allegations and then responds with additional affirmations and denials, in paragraphs 53, 32, 33, 43, 52, 70, 75, 136, 146, 156, 216, and 218, the Court can ascertain what Fortress admitted and denied in the counterclaim despite the additional material included. Consider paragraph 53, the illustrative example put forth by Digger:

53. According to Mr. Burt, a person named, Shih-Te "Alfonso" Lin ("Mr. Lin") provided a solution to the failed prototype's inability to hold proper tension in the cables without bending the rails. Ex. 8 at 7; Ex. 9 at 32:19-23.

**ANSWER**: Fortress admits that, according to Mr. Burt, a person named, Shih-Te "Alfonso" Lin ("Mr. Lin") suggested a solution to the prototype's inability to hold proper tension in the cables without bending the rails. Fortress denies that the prototype was a failed prototype. Fortress denies that Mr. Lin had a solution that was implemented without change. Discussions between Mr. Lin and Mr. Burt resulted in modifications of Mr. Lin's suggestion into the final form.

[DE 28 at 17]. The first two sentences show that Fortress admits that, according to Mr. Burt, Mr. Lin helped solve the prototype's inability to hold proper tension in the cables without bending the rails, and that Fortress denied that the prototype was a "failed" prototype. The rest of the response is indeed extraneous and immaterial but does not result in confusion regarding Fortress's answer to the allegations in Digger's counterclaim.

As stated, striking a pleading is generally disfavored. *Oswalt*, 2017 WL 5151205, at *1. Given this, and without more regarding how such answers create confusion or lack of clarity, the Court cannot conclude that Fortress's responses containing immaterial responses "clearly prejudice" Digger. *Franklin*, 2020 WL 374669, at *2. Accordingly, the Court declines to grant Digger's motion as to Fortress's answers to paragraphs 53, 32, 33, 43, 52, 70, 75, 136, 146, 156, 216, and 218, in as much as they include additional statements along with their specific admissions and denials of Digger's allegations.

C.      Reframing Allegations and Providing Incomplete Responses

Next, Digger moves to strike twelve paragraphs in Fortress's answer contending that Fortress improperly reframes allegations, resulting in incomplete responses because "core facts are left unadmitted." [DE 32 at 7]. Here, Digger directs the Court to paragraphs 33, 36, 37, 38, 40, 42, 59, 113, 162, 164, 194, and 224. To illustrate, Digger specifically references Fortress's responses to Digger's paragraphs 162, 164, 113, and 142:

162. Mr. May knew that he did not have and could not obtain an inventor oath or declaration for Mr. Huang.

**ANSWER:** Fortress admits that it did not have and could not obtain an inventor oath or declaration signed by Mr. Huang.
. . .

164. Because Mr. Huang could not be found, Mr. May chose to file a Substitute Statement in lieu of having Mr. Huang execute an oath or declaration.

**ANSWER:** Fortress admits that Mr. May filed a Substitute Statement to add Mr. Huang as a co-inventor but denies it was "in lieu" of having Mr. Huang execute an oath or declaration.
. . .

113. Thus, from at least November to December of 2022, Fortress engaged in a campaign to add additional inventors to Fortress's Vertical Cable Rail Barrier Patents and Applications.

**ANSWER:** Fortress denies that it engaged in a "campaign" to add additional inventors to Fortress's Vertical Cable Rail Barrier Patents and Applications. Fortress otherwise admits the allegations of paragraph 113.
. . .

42. Thus, in February of 2012, Mr. Burt and Mr. Sherstad were discussing the possibility of offering a cable rail system to compete with already existing cable rail systems but had no working designs or prototypes.

**ANSWER:** Fortress denies that in February 2012 there was a vertical cable

       rail product on the market having the innovative features of Fortress's design. Fortress admits it had no physical prototype as of February 2012.

[DE 28 at 48, 34, 13]. In response, Fortress maintains that it is able "to provide additional information in addition to a denial," as well as "alternative versions of the facts," relying on multiple cases from district courts in other circuits. [DE 35 at 16].

The salient inquiry is not whether the additional or alternative facts warrant striking, but whether Fortress properly admitted or denied all allegations made by Digger when it provided such responses. On this point, Fortress does not directly respond to Digger's assertion that Fortress's "alternative versions" of the facts fail fairly to respond to all the allegations in the identified paragraphs of Digger's counterclaim—except for Fortress's response to Digger's paragraph 38. [DE 35 at 18]. Fortress's failure to adequately respond to an argument concedes the point. *See Bonte v. U.S. Bank, N.A.,* *624 F.3d 461, 466 (7th Cir.2010)* ("Failure to respond to an argument . . . results in waiver."); *see also Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir.2013). Thus, the Court cannot find that Fortress's answers that respond with "alternative versions" of the allegations asserted in the counterclaim properly "admit or deny the allegations asserted against" Fortress. *See* Fed. R. Civ. P. 8(b)(1)(B).

For these reasons, Digger's motion will be granted as to paragraphs 33, 36, 37, 40, 42, 59, 113, 162, 164, 194, and 224. Fortress will therefore be ordered to file an amended answer to these paragraphs.

### D.    Argumentative

Finally, Digger moves to strike eleven paragraphs in Fortress's answer contending that these paragraphs are impermissibly argumentative or respond with inapplicable objections. Here, Digger directs the Court to paragraphs 11, 12, 13, 14, 85, 95, 175, 176, 177, 243, and 244. As to the first argument, Digger contends that Fortress's responses amount to "Fortress tak[ing] every opportunity to assert that the Court's finding [in an earlier lawsuit] invalidating Fortress' patents for incorrect inventor was 'erroneous.'" [DE 32 at 10]. To illustrate, Digger points to Fortress's response to paragraph 14 of Digger's counterclaim:

> 14. Thus, based on a judicial order issued September 9, 2024, the 707 Patent and the 290 Patent are invalid and cannot be corrected under 35 U.S.C. § 256.
>
> **ANSWER:** Fortress denies that the 707 Patent and the 290 Patent are invalid and cannot be corrected under 35 U.S.C. § 256(b). Fortress admits that the erroneous court order is in effect until reversed.

Digger contends that this response is impermissibly argumentative and should be stricken. It may be true that these responses unnecessarily include Fortress's commentary on this Court's prior decision. Still, the Court cannot find that these responses are equivocal under Fed. R. Civ. P. 8, prejudice Digger, or are otherwise scandalous enough to warrant striking under Fed. R. Civ. P. 12(f). Without more, the Court declines to order Fortress to file amended responses to paragraphs 11-14, 175-177, and 243-44 on this basis.

Digger next contends that Fortress raised inapplicable objections in its responses, such as objections as to relevance. As to this, Digger points to paragraphs 25 and 85, specifically referencing paragraph 85:

> 85.   According to Mr. Burt, he, not Mr. Sherstad, was the primary inventor, and Mr. Sherstad's role was to "provide[] feedback on the design and suggest improvements for it." Ex. 3 at 189:16 — 190:2-5.
>
> **ANSWER:**  Fortress admits that Mr. Burt testified that he was the primary inventor, and Mr. Sherstad's role was to "provide[] feedback on the design and suggest improvements for it." Fortress denies that whether Mr. Burt considered himself as the primary inventor is relevant.

[DE 32 at 10]. The Court agrees that this response is deficient under Rule 8. Fortress's response qualifies its answer based on its perceived relevance of Mr. Burt's role, rendering its response equivocal. *See Valley Forge Ins. Co.*, 2015 WL 5730662, at *4 (explaining that the defendant's "attempt to qualify its answer based on the admissibility of the documents cited in the corresponding paragraph of the complaint renders the answer equivocal and improper under Rule 8(b)"). Indeed, "[p]leadings often contain allegations that ultimately prove not relevant to the claims, inadmissible as evidence, or simply untrue. That's the nature of litigation."*Cloudbusters, Inc. v. Tinsley*, No. 2:25-CV-208-GSL-AZ, 2025 WL 3214099, at *2 (N.D. Ind. Nov. 18, 2025). Accordingly, such responses must be amended.

Finally, Digger contends that Fortress has improperly refused to respond to one paragraph in the counterclaim based on attorney-client privilege:

> 95. On information and belief, in the days following his deposition, Mr. Burt was instructed by Fortress's counsel, John Jacob May of Foley & Lardner LLP, to send an email to Mr. Alfonso Lin explaining that Fortress should have included Mr. Lin and Mr. Huang as inventors.

> **ANSWER:** Fortress denies the allegations of paragraph 95 because it alleges the content of communications between Mr. May and Mr. Burt and whether such communications occurred and their content, if any, is protected by the attorney-client privilege and/or as work product.

Digger contends that this response must be stricken. In support of its argument, Digger directs to the Court to an out of circuit case, *PNC Bank v. Maranatha Props., Inc.*, No. 5:15-CV-563-OC-30PRL, 2016 WL 1627115 (M.D. Fla. Apr. 25, 2016). There, the defendants declined to answer numerous allegations in the plaintiff's complaint by asserting the following privileges: "'Preservation/Reservation of Due Process Rights to Develop Record' and 'Assertion of Florida and Fifth Amendment Rights and Privileges; Florida Constitutional Right to Privacy; and Florida Attorney-Client Privilege.'" *Id.* at *1. The court found that "there is simply no basis under the law to avoid answering a complaint by asserting due process, attorney-client privilege, and privacy concerns." *Id.* at *2.

In response, Fortress disputes Digger's authority, contending that the court was addressing a complaint with numerous responses asserting privilege that was wholly deficient. Fortress directs the Court to *BBL, Inc. v. City of Angola*, No. 1:13-CV-76, 2013 WL 2383659 (N.D. Ind. May 29, 2013). There, this Court granted a motion to strike an amended complaint in part because "requiring Defendants to respond to these allegations could implicate attorney-client privileges." *Id.* at *2. Digger refutes Fortress's reliance on this case, contending that this Court primarily struck the pleading at issue due to its size and the amount of unnecessary allegations within the complaint, and not because of privilege concerns.

In both cases relied on by the parties, the party responding to the pleading sought to avoid providing any response altogether by asserting privilege. But here, although Fortress references attorney-client privilege, it also denies the allegations: "Fortress denies the allegations of paragraph 95 because it alleges the content of communications between Mr. May and Mr. Burt[.]" [DE 30 at 77]. Based on this, Fortress's response complies with Fed. R. Civ. P. 8(b)(1), and the Court declines to strike or order an amended response based on Fortress's reference to attorney-client privilege after the denial.

**IV.    Conclusion**

For these reasons, Digger's Motion is granted **IN PART and DENIED IN PART.** [DE 31]. Fortress is **ORDERED** to file an amended answer to Digger's counterclaim that amends its responses to the following paragraphs:

- paragraphs 135, 154, 158, 161, 163, 165, 167, 183, 193, 195, 198, 213, 216, 218, 222, 223, 225, where Fortress has responded with an assertion that legal conclusions do not require a response or has otherwise alleged a qualified denial to the paragraph on this basis;

- paragraphs 44, 45, 46, 47, 50, 54, 58, 60, 64, 69, 67, 68, 69, 72, 96, 134, 170, 178, 196, 226, where Fortress had responded with both a general denial of all allegations along with an admission or denial of unalleged facts;

- paragraphs 33, 36, 37, 40, 42, 59, 113, 162, 164, 194, and 224, where Fortress reframed the factual allegations and thus provided incomplete responses; and

- paragraphs 25 and 85 where Fortress's answer includes a response hedged on the perceived relevance of Digger's allegations.

Consistent with Fed. R. Civ. P. 12(a)(4(A), Fortress must file an amended answer consistent with this opinion and order on or before **March 31, 2026**.

SO ORDERED this 17th day of March 2026.

s/Scott J. Frankel
Scott. J Frankel
United States Magistrate Judge